United States District Court
Southern District of Texas
**ENTERED**
June 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID MERCEDES CASTILLO-CASTILLO, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 4:26-cv-02840 |
| | § | |
| v. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Ingrid Mercedes Castillo-Castillo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Representing herself, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention. (Dkt. No. 1). The federal respondents have filed a Response and Motion for Summary Judgment. (Dkt. No. 6). The petitioner has replied to the respondents' motion. (Dkt. No. 10). Having considered the parties' arguments and the applicable legal authority, the Court denies the respondents' Motion for Summary Judgment and grants in part the petition for a writ of habeas corpus.

## I. BACKGROUND

The petitioner, a citizen of Colombia, entered the United States without inspection around February 23, 2023. (Dkt. No. 6 at 2). The petitioner was not admitted or paroled after being inspected by an immigration officer. (*Id.*). Around March 17, 2023, the petitioner was served with a Notice to Appear, initiating removal proceedings and charging the petitioner with removability pursuant to the Immigration and Nationality Act (INA) as an alien present in the

United States without being admitted or paroled. (*Id.*; Dkt. No. 6-1 at 2). The petitioner filed an I-589 application for asylum and withholding of removal. (Dkt. No. 6 at 2). On or about December 4, 2025, ICE detained the petitioner and she has been held in immigration custody since that time. (Dkt. No. 1 at 2; Dkt. No. 6 at 2).

On April 2, 2026, an immigration judge pretermitted the I-589 application for asylum and withholding of removal, and ordered the petitioner removed to Colombia. (Dkt. No. 6 at 2; Dkt. No. 6-2). The petitioner filed a Motion to Reopen and a Motion to Stay before the immigration court. (Dkt. No. 6 at 2; Dkt. No. 6-3). On April 10, 2026, an immigration judge denied the petitioner's Motion for Stay as premature, stating that the petitioner's removal order is not administratively final, and the petitioner may still file an appeal with the Board of Immigration Appeals (BIA). (Dkt. No. 6 at 3; Dkt. No. 6-5). The petitioner has filed an appeal before the BIA and her removal order is not yet administratively final. *See Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited June 15, 2026).[1]

The petitioner has no criminal record. (Dkt. No. 1 at 2). She works in childcare in Houston, has a work permit, and is "an active, faithful member of her local church community under the guidance of [her church's pastor]". (*Id.* at 6, 7; Dkt. No. 10 at 2).

## II. ANALYSIS

On February 6, 2026, in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) a divided panel of the Fifth Circuit decided the statutory question of whether noncitizens who were

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by her A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited June 15, 2026).

present in the United States and who had not been admitted or paroled are subject to detention under 8 U.S.C. § 1225(b)(2). The statutory question decided in *Buenrostro-Mendez* applies to the petitioner. However, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [the petitioner] is being detained in violation of [the petitioner's] constitutional right to procedural due process." *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). The Court concludes that the petitioner's continued mandatory detention under § 1225(b), as applied to her, violates her due process rights.[2]

In several recent decisions this Court has addressed similar cases where the petitioner noncitizen was found to have acquired a liberty interest in being free from government detention without due process of law by virtue of living in the United States for a marked period of time and having established connections in this country. *See Jaimes Landeros v. Warden*, Civil No. 4:26-cv-694 (S.D. Tex., Apr. 27, 2026); *Perales Rios v. Warden*, Civil No. 4:26-cv-950 (S.D. Tex., Apr. 28, 2026); *Perez Garcia v. Warden*, Civil No. 4:26-cv-2027 (S.D. Tex., May 1, 2026); *Guerrero Gomez v. Warden*, Civil No. 4:26-cv-2192 (S.D. Tex. May 1, 2026); *Montes Espinoza v. Warden*, Civil No. 4:26-cv-3070 (S.D. Tex., May 14, 2026). Similar to the reasons articulated in those cases, the Court finds that the petitioner in this case has a significant private interest in being free from physical detention, that the risk of erroneous deprivation of the petitioner's liberty interest is significant because she has not been afforded any opportunity to be heard regarding her confinement, and that the government's interest does not outweigh the first two factors. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized

[2] The Court, therefore, does not address the petitioner's other claims because the petition can be resolved on procedural due process grounds.

justification, [merely because] that person initially entered the country without lawful admission." *Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487, at *10 (S.D. Tex. Mar. 13, 2026). The petitioner's continued mandatory detention under § 1225(b), as applied to her, violates her due process rights and the petitioner is entitled to relief.

## III. APPROPRIATE RELIEF

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

When a noncitizen "has demonstrated a profound liberty interest in his [or her] freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention . . . immediate release is appropriate." *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026). "[A] bond 'hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'" *Id.* (quoting *Gonzalez v. Joyce*, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025)) (internal quotation marks omitted); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.") (citations omitted).

The Court determines that immediate release is the appropriate relief for the unlawful detention in this case. *See, e.g.*, *Aroca v. Mason*, 819 F. Supp. 3d 517, 548 (S.D.W. Va. 2026)

("Petitioners have met their burden of proving that they are being held contrary to law [under the Due Process Clause]. Accordingly, Petitioners' immediate release is warranted.") (internal citation omitted); *Angel v. Noem*, No. 1:26-CV-00384-DAE, 2026 WL 594368, at *5 (W.D. Tex. Mar. 3, 2026) (holding that the petitioner's procedural due process rights had been violated and that immediate release is the appropriate remedy).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondents' Response and Motion for Summary Judgment (Dkt. No. 6) is **DENIED.**

2. The petition for a writ of habeas corpus filed by Ingrid Mercedes Castillo-Castillo (Dkt. No. 1) is **GRANTED** in part.

3. Any other pending motions are **DENIED as moot**.

4. The respondents are **ORDERED** to release Ingrid Mercedes Castillo-Castillo from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 48 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, between the hours of 7:00 a.m. and 7:00 p.m. **The respondents shall facilitate communication with the petitioner's friends, family, or other party able to assist with her safe transfer from detention. The respondents shall work with the petitioner's contacts to ensure a safe transfer out of detention and shall not impede the petitioner's efforts and ability to secure safe transportation from a public place outside of the detention center to her friends, family, or other trusted contact**. **The respondents must also ensure that the petitioner is given a copy of this Order before she is released**.

5. The respondents are **ORDERED** to return to the petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during her detention.

6. If the respondents seek to re-detain the petitioner during the pendency of her removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7. The respondents are further **ORDERED** to **FILE** a status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and describing, with sufficient detail, the circumstances regarding the petitioner's release, including but not limited to, where the petitioner was released from custody and at what time the petitioner was released.

The Clerk shall send a copy of this Order to the parties.

It is so ORDERED.

SIGNED on June 16, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge